UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

K'MUEL KING,
   Plaintiff,

vs.         No. 04-1328

STEPHEN MOTE, et.al.,
   Defendants

## CASE MANAGEMENT ORDER #5

This cause is before the court for case management. The plaintiff appeared pro se. Defendants Stephen Mote, Donald Snyder and Cletus Shaw were represented by Assistant Attorney General Jason Young. Dr. Arthur Funk was represented by Attorney Theresa Powell.

The plaintiff has two surviving claims pursuant to 42 U.S.C. §1983:

a) Defendant Funk was deliberately indifferent to the plaintiff's serious medical needs when he refused to treat the plaintiff for an asthma attack and refused to treat the plaintiff after he was attacked by another inmate in October of 2002.

b) Defendants Shaw, Mote and Snyder denied the plaintiff's due process rights during a disciplinary hearing for a charge of fighting on October 1, 2002. The claims are against the defendants in their individual capacities only.

### BACKGROUND

This case was initially filed on September 24, 2004. The plaintiff's complaint was clearly stated, but had hundreds of pages of exhibits attached. The court conducted a merit review hearing by video conference and the plaintiff participated. The court then entered a merit review order outlining four claims against seven defendants.

The defendants filed a motion to dismiss the complaint and the plaintiff responded by filing a motion to voluntarily dismiss his lawsuit. The plaintiff informed the court that he was under psychiatric care and was taking medication that he believed could impede his ability to represent himself.

The case was set for a hearing and the court spoke with physician who confirmed the plaintiff was receiving psychiatric care. The court was also informed that the plaintiff had passed a high school equivalency examination. On its own motion, the court agreed to appoint counsel to represent the plaintiff. Unfortunately, the court was been unsuccessful in its attempts to find counsel to represent the plaintiff.

The court noted that there was some uncertainty as to whether the plaintiff had exhausted his administrative remedies for his surviving claims. Since the court could not even consider the plaintiff's allegations if he had not first passed this requirement[1], the court instructed the parties to provide information and any relevant documentation concerning the plaintiff's efforts to exhaust his administrative remedies.

The plaintiff responded with more than 250 pages of documents. The court reviewed all documentation provided by all the parties and found that the plaintiff had not in fact exhausted his administrative remedies as required for two of his claims. Those claims and defendants were dismissed.

MOTION TO RECONSIDER

The plaintiff made both a verbal and written motion to reconsider the court's order to dismiss his claims for failure to exhaust. During the case management hearing, the plaintiff stated that he did not believe it was fair for the court to rely on whether a grievance had been stamped as received and that the court should not have dismissed claims when he did not yet have counsel and did not have access to his master file. The plaintiff's argument is without merit. The court dismissed the plaintiff's claims because there was no evidence that he had appealed these decisions to the Administrative Review Board. The plaintiff did not claim he had in fact exhausted his remedies, but did not have a copy of the documentation. The plaintiff has clearly provided ample documentation to the court with each document he has filed.

The defendants were also clearly instructed to provide all documentation relevant to the plaintiff's claims and did provide proof that the plaintiff had exhausted his remedies for some of his claims. The Chairperson of the Office of Inmate Issues, who is not a defendant in this case, testified that she had searched the records of the Administrative Review Board and the plaintiff had not in fact complied with department rules and had not properly exhausted his remedies for the claims that were dismissed. (Defendant's Memo, Miller Aff.).

The plaintiff also filed a written motion to reconsider the order which dismissed these claims. [d/e 45] The motion is denied. The plaintiff has failed to provide any evidence that he did in fact exhaust his administrative remedies for his claims concerning his right to the free exercise of his religion and his claims that the defendants failed to protect him from an inmate attack. The plaintiff is also reminded that the only claims that were before the court were those identified in the initial merit review order entered on January 20, 2005.

APPOINTMENT OF COUNSEL

The court did agree to attempt to find counsel to represent the plaintiff. However, the

---

[1]*See* 42 U.S.C. §1997e(a).

court now believes that decision was premature. There is no constitutional or statutory right to appointment of counsel in a civil case. The decision of whether to appoint counsel rests within the sound discretion of the court. *McBride v Soos,* 594 F.2d 610 (7th Cir. 1979). The court considers a variety of factors including: 1) whether the merits of the indigent's claim are colorable; 2) the ability of the indigent plaintiff to investigate crucial facts; 3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; 4) the capability of the indigent litigant to present the case: and 5) the complexity of the legal issues raised by the complaint. *See Merritt v. Faulkner,* 697 F.2d 761 (7th Cir. 1983). "The court is also mindful of a point not often made in these matters, and that is that the operative word in 28 U.S.C.§1915(d) is 'request' not 'appoint,' i.e. 'the Court may request an attorney to represent any such person unable to employ counsel.'" *Williams v. Duckworth,* 598 F.Supp. 9, 11(D.C. Ind. 1983) *citing* David Ashley Bagwell, "Procedural Aspects of Prisoner §1983 and §2254 Cases in the Fifth and Eleventh Circuits," 95 F.R.D. 435, 443 (1982).

The court's initial concern was the fact that the plaintiff is under psychiatric care. However, the plaintiff has also been receiving care and treatment throughout the course of this ligation. He has been coherent and able to participate in any court hearings. The plaintiff's pleadings are also clearer and more coherent than many others drafted by pro se prisoners.

The court has been unable to find counsel to agree to represent the plaintiff in this matter.[2] And before the court can continue its efforts, it must be sure that the plaintiff's has in fact alleged violations of his constitutional rights. If not, the presence of counsel would not make a difference in the outcome of this lawsuit. *See Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *King v. Frank,* 328 F. Supp.2d 940, 951 (W.D. Wid July 27, 2004).

The plaintiff has two surviving claims. The court asked the plaintiff about his due process claim during the hearing. He says he was innocent of the charge, but the defendants did not thoroughly investigate his claims and did not talk to his witnesses. The plaintiff was found guilty, placed in segregation and lost privileges as well as grade status. This may be true, but it is very doubtful the plaintiff has a due process claim.

"To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). Already-earned good time credit is a constitutionally protected interest. *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th cir. 1988). However, a prisoner has no protected liberty interest in remaining in the general population, in maintaining a status grade, or in commissary privileges. *Thomas v Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997(70 days in segregation not atypical and significant

---

[2]This court, this judge, circularized the bar association presidents of the eleven counties surrounding the Urbana court house and asked them to request volunteers in their news letters to accept pro bono appointment in prisoner pro se litigation in this court. Sadly, there was not a single volunteer. The only positive response was from the president of one of the small rural counties. He offered to lean on people if I really wanted him to. The small rural practicing lawyer is the last one who can afford the economic burden and loss that one of these cases entails. I didn't ask him to lean on anyone.

3

hardship; no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *Wagner v Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997)(rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)(six months in segregation not atypical and significant hardship).

The defendants have been ordered to present a certified copy of the disciplinary hearing and Adjustment Committee report along with a short brief on this issue. If the plaintiff has failed to state a due process claim, appointment of counsel will make no difference in the outcome.

The court also has reason now to doubt the plaintiff's Eighth Amendment claim against Dr. Funk. In response to the court's request to provide proof that he had exhausted his administrative remedies, the plaintiff provided several documents relevant to this claim. The plaintiff claims he was refused medical care for injuries received after an inmate attack and for an asthma attack in October of 2002. However, some of the documents submitted by the plaintiff indicate he may have received medical care at this time. Therefore, the court has asked the defendant to provide a well-supported motion with the court about the care received by the plaintiff at this time. If the record is not clear, the court will reconsider appointing counsel to represent the plaintiff.

**IT IS THEREFORE ORDERED that:**

**1) The court will revoke it's prior order allowing appointment of counsel for the plaintiff on July 22, 2005.**

**2) The defendants are to provide the court with well supported briefs on the plaintiff's two surviving claims. The defendants are to file the motions with the court on or before September 14, 2007. The plaintiff must file any response to these briefs on or before October 12, 2007.**

**3) The court will address the information provided to the court at a further status hearing on October 25, 2007 at 1:30 p.m. by video conference. The clerk is to issue a writ for the parties participation in the video conference.**

Entered this 23rd day of August, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE